IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| RAJVEER, LLC, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
|     v. | ) | 2:23cv208-MHT |
| | ) | (WO) |
| INN ON CARMICHAEL, LLC, | ) | |
| et al., | ) | |
| | ) | |
|     Defendants. | ) | |

ORDER

The allegations of the complaint in this case are insufficient to invoke this court's original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship). To invoke original jurisdiction based on diversity, the complaint must distinctly and affirmatively allege each party's citizenship. *See McGovern v. American Airlines, Inc.*, 511 F. 2d 653, 654 (5th Cir. 1975) (per curiam).* The allegations must

---

* In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

show that the citizenship of each plaintiff is different from that of each defendant. *See* 28 U.S.C. § 1332.

The complaint here is insufficient because it does not indicate the citizenship of the parties that are 'limited liability companies': plaintiff Rajveer, LLC, and defendant Inn on Carmichael, LLC. "[L]ike a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). The complaint must therefore "list the citizenships of all the members of the limited liability company." *Id*. (And if the entity consists of several entities, the complaint must reflect the citizenship, or citizenships, of each and every entity based on the nature of that entity.)

The plaintiff's complaint also fails to meet § 1332's requirements because the complaint alleges the

2

"residence" rather than the "citizenship" of defendants
Chittel Patidar and John Patel.  An allegation that a
party is a "resident" of a State is not sufficient to
establish that a party is a "citizen" of that State.
*Delome v. Union Barge Line Co.*, 444 F.2d 225, 233 (5th
Cir.), *cert. denied*, 404 U.S. 995 (1971).

In addition to alleging jurisdiction based on
diversity of citizenship, the complaint alleges that
the court has jurisdiction under 28 U.S.C. § 1331.
Section 1331 grants "district courts ... original
jurisdiction of all civil actions arising under the
Constitution, laws, or treaties of the United States."
The complaint pleads only a cause of action for breach
of contract, which is a matter of state, not federal,
law.  Accordingly, § 1331 does not provide a basis for
subject-matter jurisdiction here.  If the reference to
§ 1331 was included inadvertently, it should be removed
from any future amended complaint.   Otherwise, the
complaint should be amended to clarify the basis for

3

the assertion of federal-question jurisdiction.

***

It is therefore the ORDER, JUDGMENT, and DECREE of the court that the plaintiff has until May 5, 2023, to amend the complaint to allege jurisdiction sufficiently; otherwise, this lawsuit shall be dismissed without prejudice.

DONE, this the 21st day of April, 2023.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE